FILED

SEP 22 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Plaintiff Lowell Green # 00518622

V.

Case No. SA23CA1208JKP

Defendant Judge Xavier Rodriguez, et. al.

please see attached complaint

(1). Green v. Fourth Court of Appeals, 5:18-cv-1094 ... 19-50089 (5th Cir) Jurisdiction. No!

(2) No, clerk can change a civil rights, to what the Clerk and judge Xavier Rodriguez pre-sumed it to be. Moreover, this proceeding is 16-50522

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LOWELL QUINCY GREEN,
TDCJ #518622,

Plaintiff,

v. SA-23-CV-01001-XR 6:15-cv-285

FOURTH COURT OF APPEALS, ET AL.,

Defendants.

(3) Records WR-82,481-02 (Habeas Corpus) PDR-NO. 0343-14 (6/11/2014) ... No. 04-13-00456-CR San Antonio

Green v. State (2/19/2014)

**ORDER OF DISMISSAL**

Before the Court is *pro se* Plaintiff Lowell Quincy Green's ("Green") 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). The Court presumes that because Green did not pay the filing fee he seeks leave to proceed *in forma pauperis* ("IFP"). Upon review, the Court orders Green's presumed IFP application **DENIED** and his Complaint **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strike rule of 28 U.S.C. § 1915(g). (*Id.*); *see* 28 U.S.C. § 1915(g). The Court further orders that to the extent Green has sought relief pursuant to 28 U.S.C. § 2254, his application for writ of habeas corpus is **DISMISSED FOR WANT OF JURISDICTION** because he has not obtained prior approval to file a successive habeas corpus application. (ECF No. 1); *see* 28 U.S.C. § 2254(b)(3). Contempt, 6:15-cv-285 (W.D. Tex. Waco Sep 15, 2015) (Walter S. Smith, Jr)

**ANALYSIS**

magistrate Judge Jeffrey C. Manske (Presided) with Ken Paxton, Susan San Miguel on illegal Life Sentence, which the Fourth Court of Appeals San Antonio, Bexar County, Texas, has no jurisdiction over McLennan County, Waco, Texas. No Common sense Standard for Review. Treason is the only Answer!

***A. Claims Pursuant to § 1983***

*1. Applicable Law*

Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action IFP if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous,

Page 1. for 8/22/2023

March 24, 2012 Arrested by Waco Police Officer John Finch, Lowell Dequincy Green, Skinny's Convenient Store Cause no. 2012-709-C2 (6:15-cv-285)

Application

(3) After reviewing Green's pleading, the Court finds he may be seeking habeas relief pursuant to § 2254. (ECF No. 1). Green's first habeas application was denied in 2016. *See Green v. Davis*, No. 6:15-CV-00285-ADA (W.D. Tex. Mar. 30, 2016). 16-50522 His second application was transferred to the Fifth Circuit as successive, and the Fifth Circuit denied authorization to file a successive application on March 23, 2018. *See Green v. Davis*, No. 17-50973 6:17-CV-295-RP (W.D. Tex. Mar. 23, 2018). Thus, pursuant to § 2244(b), the Court finds that to the extent Green is seeking to file a successive application for writ of habeas corpus, his application must be dismissed for lack of jurisdiction because he has not obtained prior approval to file a successive habeas corpus application. *In re Campbell*, 750 F.3d at 529. (Xavier Rodriguez) said Alan D. Albright 6:15-cv-285 therefore, Xavier Rodriguez is incompetent and he make FALSE STATEMENTS!

## CONCLUSION

Green has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Therefore, his current Complaint is subject to dismissal because he has failed to establish imminent danger of serious physical injury. Green may only proceed with this action if he pays the full filing fee contemporaneously with the filing of a timely motion to reinstate. Additionally, to the extent Green seeks relief pursuant to § 2254, his application is subject to dismissal for want of jurisdiction because he failed to obtain the mandatory approval before filing. he must produce whatever the Clerk gave him (6:15-cv-285) Records in

**IT IS THEREFORE ORDERED** that Green's presumed request to proceed IFP is **DENIED** and his Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes dismissal rule of 28 U.S.C. § 1915(g).

Jeannette Clack Office EXHIBIT Cause no. 2012-709-C2 Aggravated Robbery with a deadly weapon, to-wit: a firearm or BB Handgun Based on the impeached Xavier Rodriguez, McLennan County Grand Jury True Bill on Walter S. Smith, Jr. (6:15-cv-285)

Page 2.

Records WR-82,981-02 (Tex. Crim. App Apr 1, 2015) PDR-0343-14. COA NO. 04-13-00456-CR

civil action IFP while incarcerated unless he is in "imminent danger of serious physical injury." Fourth Court of Appeals (6:15-CV-285) 28 U.S.C. § 1915(g). Green has failed to carry his burden. Abel Reyna, Brandon Luce, Landon Ramsey D.A. OFFICE

Green seems to be alleging violations of his civil rights based on illegal restraint, undefined illegal acts, illegal arrest, improper sentencing, and violations of the Thirteenth Amendment. (ECF No. 1). He seeks injunctive relief and release from confinement. (*Id.*). However, he has not alleged specific facts indicating he is in imminent danger of serious physical injury. *See Miller*, 2016 WL 3267346, at *2. Because Green has failed to show a real and proximate threat or allege specific facts demonstrating he is in imminent danger of serious physical injury, the Court finds Green has failed to meet the requirements necessary to avoid application of the three–strikes rule. (4) *See* 28 U.S.C. § 1915(g). FALSE ARREST (6:15-CV-285) Violates the Constitution Thirteenth Amendment. 16-50522

### B. Claims Pursuant to § 2254

(Prado, Reavely, Graves) 6:16-CV-424-RP, 704

#### 1. Applicable Law

F. APP'X 386 (5th Cir) (NOV. 27, 2017) (6:17-CV-92) 17-50648 (5)

Section 2244(b) of Title 28 of the United States Code provides that before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). If the applicant fails seek an order authorizing the district court to consider his habeas application, the application is subject to dismissal for want of jurisdiction. *See In re Campbell*, 750 F.3d 523, 529 (5th Cir. 2014) (holding that petitioner must receive authorization before filing successive § 2254 habeas application). 6:17-CV-295-RP, 17-50973 (5th Cir. March 23, 2017) EXHAUSTION OF LEGAL REMEDIES. Jerry E. Smith, Clements Haynes) 18-50672

No. 6:18-CV-00022-RAS-JDL (E.D. Tex. June 28, 2018); *Green v. USA*, No. 6:17-CV-00235-ADA (W.D. Tex. Sept. 14, 2017); *Green v. State of Tex., et al.*, No. 6:17-00226-ADA (W.D. Tex. Aug. 22, 2017); *Green v. Gray, et al.*, No. 6:17-CV-131-ADA (W.D. Tex. May 23, 2017). 17-50828 (QUO WARRANTO) v. Robert L Pitman, he has no juris- over LOWELL DEQUINCY GREEN 283rd DISTRICT

Court Dallas County, Texas. May 23, 1989 SID-TX03036024

Cause no. F89-97008-HT. (illegal) sentence

Green is advised that his Complaint may be reinstated only if the full filing fee is paid simultaneously with the filing of a motion to reinstate within thirty (30) days of the date of this Order of Dismissal.

August 10, 1989 (30) years. Green

IT IS FURTHER ORDERED that to the extent Green seeks relief pursuant to 28 U.S.C. § 2254, his application (ECF No. 1) is DISMISSED FOR WANT OF JURISDICTION because he has not obtained prior approval to file a successive habeas corpus application.

v. State, 05-89-01170-CR (Tex. App.-Dallas) June 11, 1990 (Affirmed)

6 Green v. State, PDR-0592-90 (Tex. Crim. App. December 12, 1990)

It is so ORDERED.

SIGNED this August 16, 2023.

7 Cause no. F89-97008-HT (283rd Dist. Court) of Dallas. WR-82,981-07 (Feb 07, 2018) on April 25, 2018 Tex. Crim. App. Denied

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

8. Green v. Davis, 3:18-cv-1459-M-BT (N.D. Tex. Dallas) May 29, 2018 Judge Barbara M. G. Lynn, Rebecca T. Rutherford, Ken Paxton, Susan San Miguel. FALSE IMPRISONMENT. 19-10322 (5th Cir. 2019)

9 ALL CLAIMS. 19-50037 (6:18-cv-313) (1994-659-C) Alan D. Albright 1/02/1994 (25) years. WR-82,981-09 (6:19-cv-008) (contempt) 6:19-cv-410 (6:21-cv-108) (6:22-cv-609) (5:23-cv-114) (5:23-cv-507) (23-50438) ignorance is not an excuse. Abuse of

Page 4. See other side

Federal government office is a Federal Crime, the Clerk deliberate deception by changing civil numbers is Fraud on Congress.

(10) WR-82,981-18 (2018-790-C2) (illegal 25yrs March 19, 2012 - Sept. 16, 2013. [illegible]
(5:23-cv-00023-FB) (WR-82,981-17) (Same)
(4:20-cv-2585-LNH-PB) 22-20181 (5th Cir. 2024)
(WR-82,981-08) (6:15-cv-366-RP) 16-51098 (5th)
(6:16-cv-419-RP) 17-50690 (5th Cir.) $7.25 Mil
Green v. State EXHAUSTION FINAL
(Fred Biery) (23-50235) he lied on every proceeding (5:23-cv-107) NO Forms was submitted to the Clerk BOI

(11) (5:23-cv-102) the Court is Sued every Judge and Clerk for lying. WR-82,981-17 (2012-709-C2)
(Life Sentence) (5:23-cv-109)
Fourth Court of App. [illegible]

Page 6 of 7

19-50089 (Jurisdiction 5th Cir.

5:18-cv-1094 (Same) 17-50165, 704

UNITED STATES DISTRICT COURT

F.App'x 386 WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION 6:16-cv-424-RP

LOWELL QUINCY GREEN, TDCJ #518622, 16-50522 (6:15-cv-285)

17-50648 Plaintiff, (6:17-cv-92) Robert L. Pitman is

v. violating his Oath and SA-23-CV-01001-XR the Court

FOURTH COURT OF APPEALS, ET AL., is supporting Treason.

(12) Defendants. USA 19-50549 (All Cases

Green v. USA

## FINAL JUDGMENT

1:19-cv-485 Philip Devlin

Before the Court is the above–entitled cause. Upon review of the entire case file and this Court's Order of Dismissal denying Plaintiff Lowell Quincy Green's presumed request to proceed *in forma pauperis*, dismissing his Complaint pursuant to the three–strikes dismissal rule of 28 U.S.C. § 1915(g), and to the extent he seeks relief pursuant to 28 U.S.C. § 2254, denying his application for want of jurisdiction, the Court renders the following Final Judgment pursuant to Federal Rule of Civil Procedure 58. Contempt. Jeannette Clark shall return all exhibits, or face impeachment,

**IT IS HEREBY ORDERED** that Plaintiff Lowell Quincy Green's presumed request to proceed IFP is **DENIED** and his Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes dismissal rule of 28 U.S.C. § 1915(g).

(13) 6:16-cv-290 Robert L. Pitman (illegal) 25 years, WR-82,991-04 (2012-791-C2) February 05, 2018 September 16, 2012, Green v. USA, 4:18-cv-2485

(14) **IT IS FURTHER ORDERED** that to the extent Plaintiff Lowell Quincy Green seeks relief pursuant to 28 U.S.C. § 2254, his application is **DISMISSED FOR WANT OF JURISDICTION** because he has not obtained prior approval to file a successive habeas corpus application. No habeas corpus needed. Carlson v. Green, 446 U.S. 14-22 (1980) Congress make the Laws, not Courts, No judge, or clerk have the Authority

Page 6.

Page 7 of 7

to violate the Federal Constitution and then lie on the plaintiff calling the plaintiff a prolific litigant who has filed over 100 civil proceedings.

(14) the judge shall produce over 100 applications, or petitions which actually bare the plaintiff's signature, or otherwise the judge lied on the bench when he accepted the civil number on a TDCJ-ID Grievance step 1. The judge is ignorant, Prison Reform Litigation Act "stays" All proceedings until the step 2 is completed. The clerk gave the judge(s) Grievance. The judge(s) ruled. Tumey v. Ohio, 273 U.S. 510 (1927) A biased judge is structural error reversal is automatic. (All) Cases in this court because the judges lied when they signed their names

IT IS FURTHER ORDERED that the above-entitled cause is hereby **CLOSED**.

It is so **ORDERED**.

**SIGNED** this August 16, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

Page 7. [illegible] 8/28/2023

FBI Proved Treason Against Congress!
Mandatory Judicial Notice
FBI Scott A. Rago 28CFR §
16.30 Green Arrest Record 6:22-cv-609
Alan D. Albright was not no petition, See
3:22-cv-01248 Rebecca r. Rutherford (N.D. Tex. Dallas)